# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**LARRY WAYNE PALMER**                                                       **PLAINTIFF**

v.                                                   **CIVIL ACTION NO. 3:09-CV-P994-S**

**COOKIE CREWS et al.**                                             **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Larry Wayne Palmer, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff is a prisoner at the Kentucky State Reformatory (KSR). Plaintiff sues in their individual and official capacities KSR Warden Cookie Crews; KSR Correctional Lieutenants Jeannette M. Wall and Joseph B. Wood; KSR Correctional Sergeant Josh Decker; Correctional Officer Angela Warren; and mail room supervisor Hallie Jones. His complaint centers around a disciplinary proceeding against him at KSR. He alleges violations of his constitutional rights in the conduct of the disciplinary hearing. He was found guilty at that hearing, which resulted in, among other things, loss of good-time days. Plaintiff requests monetary and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28

U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's complaint fails to state a claim for which relief may be granted because his action is not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (footnote omitted).

The requirement that the prior criminal action ended favorably for the accused "'avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Id.* at 484 (citation omitted). The favorable termination requirement of *Heck* applies to prisoner allegations of due process violations in prison discipline hearings that result in the deprivation of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

2

It is clear that Plaintiff was found guilty after the disciplinary hearing about which he complains in the instant action. Thus, in the present case, if this Court were to find for Plaintiff such a finding would necessarily render his disciplinary proceeding invalid. "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ." *Heck*, 512 U.S. at 486. There is no evidence that Plaintiff's disciplinary conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, his § 1983 claim is not presently cognizable, and his claim will be dismissed for failure to state a claim upon which relief may be granted.

Date:


cc: Plaintiff, *pro se*
    Defendants

4411.009